Justin Randall, Esq.
Nevada Bar No. 12476
GLEN LERNER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
(702) 877-1500
Fax: (702) 933-7043

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | ) |
| | ) Chapter 7 |
| SAMUEL DONYELLE DAVIS, | ) BKS-16-14427 mkn |
| | ) |
| | ) |
| Debtors. | ) |
| | ) |

**AMENDED MOTION TO APPROVE APPOINTMENT OF JUSTIN RANDALL, ESQ. AS SPECIAL COUNSEL TO APPROVE SETTLEMENT OF PERSONAL INJURY CLAIM**

COMES NOW SAMUEL DONYELLE DAVIS, by and through his attorney Justin Randall, Esq., and hereby requests this Court to approve Justin Randall, Esq., of the law firm of Glen Lerner Injury Attorneys to act as special litigation counsel for the purposes of settling a personal injury claim for the benefit of debtor, SAMUEL DONYELLE DAVIS, Pursuant to 11 U.S.C. 327 and Federal Rules of Bankruptcy Procedure 2014, this Honorable Court is hereby moved as follows:

**Motion to Appoint as Special Counsel**

The Debtor hereby moves this Court for an Order approving employment of Justin Randall, Esq., of Glen Lerner Injury Attorneys, as special counsel on a contingent fee basis, and states:

1. On August 11, 2016, the debtor filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code and Brian Shapiro was appointed as Trustee of the Debtor's estate.

2. Prior to the filing of the Debtor's bankruptcy case, the Debtor received injuries from an auto accident on September 18, 2015.

3. Justin Randall, Esq. of the law firm of Glen Lerner Injury Attorneys represents the Debtor in the personal injury proceedings, and represents no interest adverse to the Debtor, creditors, or any other parties in interest.

Accordingly it is requested that the Court authorize the appointment of Justin Randall, Esq. as special litigation counsel for the estate.

DATED this 14th day of September, 2017.

                    GLEN LERNER INJURY ATTORNEYS

                    /S/ Justin Randall, Esq.
                    Justin Randall, Esq.
                    Nevada Bar No. 12476
                    4795 South Durango Drive
                    Las Vegas, Nevada 89147
                    (702) 877-1500
                    Fax:  (702) 933-7043
                    Attorneys for SAMUEL DONYELLE DAVIS

. . .

. . .

. . .

# EXHIBIT 1

# GLEN LERNER
## INJURY ATTORNEYS

### RETAINER AGREEMENT A

I hereby retain GLEN LERNER INJURY ATTORNEYS ("Attorney") as my attorney to render professional services and to prosecute any and all claims of the undersigned against any person(s) or other entities responsible for injuries or damages sustained on or about 9-18 20 15. It is specifically understood and agreed the scope of this representation shall not extend to accident-related workers compensation claims, property damage claims and/or substitute vehicle expense reimbursement claims.

**FEES:** Attorney shall receive for professional services: **THIRTY-THREE AND ONE THIRD PERCENT (33 1/3%) OF THE GROSS RECOVERY (REGARDLESS OF THE MANNER OR FORM), IF SETTLED WITHOUT FILING SUIT OR DEMAND FOR ARBITRATION, OR FORTY PERCENT (40%) IF SETTLED OR RESOLVED AFTER SUIT OR DEMAND FOR ARBITRATION IS FILED.** The phrase "gross recovery" includes, in addition to any recovery from any third party, recovery obtained or compensation for any injury or damage resulting from this accident. Gross recovery also includes any recovery from any uninsured motorist, under-insured motorist and/or medical payments coverage, as well as any monies obtained from any health insurance carrier as reimbursement for medical expense for injuries sustained in or resulting from this accident. Attorney shall collect medical bills, negotiate coverage, negotiate the reasonableness of medical billings with carriers and litigate or resolve remaining issues. Attorney shall also collect and distribute monies obtained. If the recovery is in the form of a structured settlement (periodic payments rather than one lump sum), the attorney's fees may, at the Attorney's option, be structured or may be calculated on the present day value of the settlement and may be paid from the first monies received. This fee is not set by law, but is subject to negotiation between Attorney and Client, and could be higher or lower should the parties have agreed to different percentages. Any related expenses not specifically covered by this Agreement, including, but not limited to, fees for services on appeal, or retrial, or collection of judgment will be subject to a separate agreement to be negotiated between the undersigned and Attorney.

**COSTS:** The undersigned Client agrees and understands he/she is responsible for all costs of suit and expenses of representation, investigation and preparation of this case. ALL COSTS ADVANCED BY ATTORNEY WILL BE DEDUCTED FROM THE CLIENT'S SHARE OF THE RECOVERY. Attorney may employ associate counsel, assistants, investigators and experts at Attorney's discretion. IN THE EVENT OF A LOSS, IF THE OPPOSING PARTY IS AWARDED ATTORNEY'S FEES AND/OR COSTS, INCLUDING WITNESS FEES, THE CLIENT SHALL BE SOLELY RESPONSIBLE FOR PAYMENT. THE CLIENT SHALL BE SOLELY RESPONSIBLE FOR THE PAYMENT OF ANY ATTORNEY'S FEES, COSTS, AND INTEREST AWARDED TO AN ADVERSE PARTY UNDER NRCP 68 DUE TO CLIENT'S REFUSAL OF AN OFFER OF JUDGMENT, WHERE A MORE FAVORABLE JUDGMENT IS OBTAINED. CLIENT UNDERSTANDS AND AGREES THAT LITIGATION AND OTHER EXPENSES ARE TO BE DEDUCTED FROM THE RECOVERY AFTER THE CONTINGENT FEE IS CALCULATED. Client is hereby notified there is a minimum charge of TWO HUNDRED SEVENTY FIVE DOLLARS ($275.00) added to each case for expenses such as: postage, photographic materials and services, phone calls, runner services, medical record copy charges, etc. If costs exceed the sum of TWO HUNDRED SEVENTY FIVE DOLLARS ($275.00), the balance or difference of all other charges related to the handling of this case shall be deducted from Client's share of the final recovery, in accordance with applicable provisions of the Agreement. Client is hereby notified that if litigation of the claim should become necessary, the cost related to expenses shall increase to at least FIVE HUNDRED DOLLARS ($500.00). CLIENT IS PROVIDED THIS NOTICE AND AGREES THAT; ATTORNEY MAY OBTAIN FINANCING FOR COSTS OF SUIT AND/OR EXPENSES OF REPRESENTATION, INVESTIGATION AND PREPARATION OF THIS CASE. IN SUCH EVENT, CLIENT IS RESPONSIBLE FOR REPAYMENT OF ALL SUMS RELATED TO THE FINANCING OF THESE COSTS AND EXPENSES, INCLUDING ANY PRINCIPAL, INTEREST OR FEES ASSCOIATED WITH THE FINANCED AMOUNT. THESE SUMS SHALL BE PAID FROM CLIENT'S SHARE OF ANY RECOVERY. THE INTEREST RATE TO BE APPLIED TO THE UNPAID BALANCE OF FINANCED COSTS OR OTHER EXPNSES WILL BE NO LESS THAT 6.5% PER ANNUM AND NO MORE THAN 10.00% PER ANNUM OR THE MAXIMUM RATE ALLOWED UNDER NEVADA LAW.

**MEDICAL TREATMENT:** IT IS UNDERSTOOD THE COST OF MEDICAL CARE AND TREATMENT IS THE SOLE OBLIGATION OF THE CLIENT. THE UNDERSIGNED CLIENT AGREES AND UNDERSTANDS HE/SHE IS SOLELY RESPONSIBLE EITHER INDEPENDENTLY OR OUT OF THE CLIENT'S SHARE OF ANY RECOVERY FOR THE COST OF MEDICAL SERVICES AND THESE AMOUNTS DO NOT CONSTITUTE COSTS UNDER THIS AGREEMENT NOR CHARGES AGAINST ATTORNEY IN ANY WAY.

**CAUTION:** CLIENT IS ADVISED THAT A SUIT BROUGHT SOLELY TO HARASS OR TO COERCE A SETTLEMENT MAY RESULT IN LIABIITY FOR MALICIOUS PROSECUTION OR ABUSE OF PROCESS.

**POWER OF ATTORNEY:** Client hereby gives Attorney full power of attorney as is necessary to represent Client including, but not limited to, the power to sign all letters, pleadings, motions, orders, court documents, verifications and dismissals in every respect as though Client were personally so doing, subject to the Nevada Supreme Court Rules regarding professional conduct. It is further understood that if the Client becomes unavailable for any reason during the conduct of the Client's case, and Attorney, in his reasonable judgment, believes the Client's interest would be best served by a timely settlement of the case, Attorney may, after reasonable efforts to contact the Client, negotiate settlements on the Client's behalf and affix Client's signature to releases and checks, drafts and documents as may be required, and distribute the funds according to this Agreement, holding the Client's share in trust awaiting instructions from the Client. "Reasonable efforts" for purposes of this paragraph are defined as sending a certified letter to the Client at Client's last known address and a letter by regular mail in care of the Client's closest relative (or friend) if the name and address is supplied at the time of the initial interview. Client expressly authorizes Attorney to negotiate medical payments, insurance checks or drafts and/or checks or drafts from insurance providers which arrive prior to settlement of the case. This negotiation shall be for the sole and exclusive purpose of depositing said checks into Attorney's trust account so that the said checks or drafts will not unduly age prior to depositing and so Client's personal presence will not be required for such technical purpose. Client specifically authorizes Attorney to affix Client's signature to any checks or drafts for such limited purposes.

**DISBURSEMENT OF RECOVERY:** ANY FUNDS RECEIVED SHALL BE DISBURSED FIRST TO PAY COSTS (WITH ASSOCIATED INTEREST AND FEES) INCURRED IN PROSECUTING CLIENT'S CASE; SECOND TO ATTORNEY TO PAY LEGAL FEES; THIRD TO MEDICAL FACILITIES TO PAY ACCIDENT-RELATED MEDICAL EXPENSES, AND THE REMAINDER SHALL BE DISBURSED TO THE CLIENT.

**WITHDRAWAL:** Attorney may withdraw from this case at any time upon reasonable notice to client. Attorney shall be entitled to a lien for services rendered, as detailed below.

**ATTORNEY'S LIEN:** I HEREBY GIVE AND ASSIGN TO ATTORNEY AN IRREVOCABLE LIEN ON ANY SUM THAT I BECOME ENTITLED TO RECEIVE, IN ORDER TO SECURE ATTORNEY'S COMPENSATION AND ANY COSTS ADVANCED BY ATTORNEY, AS WELL AS ANY COSTS, INTEREST AND/OR FEES ASSOCIATED WITH FUNDING OF COSTS BY A FINANCIAL INSTITUTION PURSUANT TO APPLICABLE PROVISIONS OF THIS AGREEMENT. I FURTHER UNDERSTAND THAT IN THE EVENT OF TERMINATION OF THE ATTORNEY-CLIENT RELATIONSHIP, THE REASONABLE VALUE OF ATTORNEY'S SERVICES SHALL BE THE GREATER OF FOUR HUNDRED DOLLARS ($400.00) PER HOUR OR THE APPROPRIATE PERCENTAGE OF ANY OUTSTANDING SETTLEMENT OFFER PURSUANT TO APPLICABLE EXPRESS PROVISIONS OF THIS AGREEMENT. SHOULD THE LIEN BE CALCULATED ON AN HOURLY RATE, IT IS FURTHER AGREED THAT THE REASONABLE VALUE OF PARALEGAL OR LEGAL ASSISTANT SERVICES SHALL BE ONE HUNDRED FIFTY DOLLARS ($150.00) PER HOUR. IF NO RECOVERY IS OBTAINED THE ATTORNEY WILL RECEIVE NO FEE FOR PROFESSIONAL SERVICES.

**ACKNOWLEDGMENT:** CLIENT HAS BEEN INFORMED AND ACKNOWLEDGES THAT ATTORNEY HAS MADE NO PROMISES OR GUARANTEES REGARDING OUTCOME AS TO THE SUBJECT MATTER OF THE INSTANT REPRESENTATION.

DATED: 9-21-15   CLIENT: _[signature]_   ATTORNEY: _[signature]_

I HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF THIS RETAINER AGREEMENT

DATED: 9-21-15   CLIENT: _Samuel Davis_

CLIENT ACKNOWLEDGES SPEAKING TO ATTORNEY _Michael Kristof_   CLIENT: _Samuel Davis_

4795 South Durango Drive • Las Vegas, Nevada 89147
Tel: (702) 877-1500 • Fax: (702) 877-0110 • Toll Free: (877) GLERNER (877) 453-7637

1
2
3
4
5
6   Justin Randall, Esq.
7   Nevada Bar No. 12476
    GLEN LERNER INJURY ATTORNEYS
8   4795 South Durango Drive
    Las Vegas, Nevada 89147
9   (702) 877-1500
    Fax: (702) 933-7043
10
11                    UNITED STATES BANKRUPTCY COURT
12
                             DISTRICT OF NEVADA
13  In Re:                           )
14                                   )  Chapter 7
    SAMUEL DONYELLE DAVIS            )  BKS-16-14427 mkn
15                                   )
                                     )
16                                   )  Hearing Date: October 19, 2016
                          Debtors.   )  Hearing Time: 2:30 P.M.
17                                   )
18
19
            **PROPOSED ORDER GRANTING MOTION TO APPROVE APPOINTMENT OF**
20              **JUSTIN RANDALL, ESQ., AS SPECIAL COUNSEL**
                **TO APPROVE SETTLEMENT OF PERSONAL INJURY CLAIM,**
21
22
23      This Court having considered the Motion to Approve Appointment of Porter Allred, Esq., as Special
24  Counsel for the accident date of September 18, 2015.
25
26
27
28

- 1 -

1  IT IS HEREBY ORDERED that the Motion to Approve Appointment of Justin Randall, Esq., as Special Counsel is GRANTED;

DATED this _____ day of _____, 2016.

GLEN LERNER INJURY ATTORNEYS

/S/ Justin Randall
Justin Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
(702) 877-1500

Brian Shapiro

_____
Brian Shapiro
510 S. 8th St.
Las Vegas, Nevada 89101

- 2 -

- 3 -

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

____ The court has waived the requirement set forth in LR 9021(b)(1).

____ No party appeared at the hearing or filed an objection to the motion.

____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order