BRIAN D. SHAPIRO
Trustee in Bankruptcy
510 S. 8th Street
Las Vegas, NV 89101
(702) 386-8600 Fax (702) 383-0994
trustee@trusteeshapiro.com

E-filed: October 10, 2016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In Re:

SAMUEL DONYELLE DAVIS,

Debtor(s).

Case No. 16-14427-MKN

Chapter 7

**TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION**

Hearing Date: November 10, 2016
Hearing Time: 11:00 a.m.

BRIAN D. SHAPIRO, Chapter 7 Trustee ("Trustee") in the above-referenced Bankruptcy Case, hereby objects to the Debtor's exemption of two "Pending Personal Injury Cases" pursuant to Fed. R. Bankr. P. 4003. This Motion is based upon the attached points and authorities, the Declaration in Support and any oral argument that this Court may permit.

DATED: October 7, 2016

/s/ Brian D. Shapiro
BRIAN D. SHAPIRO, TRUSTEE

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Statement of Facts

1. On August 11, 2016 Debtor filed a Chapter 7 Bankruptcy Proceeding. See generally, Declaration of Brian D. Shapiro in Support.

2. Brian D. Shapiro was appointed to serve as the Chapter 7 Trustee. Id.

3. The §341 meeting of creditors was concluded on September 30, 2016. Id.

4. Debtor disclosed his interest in two motor vehicle accidents with unknown values. One occurred around April 15, 2015 and the other occurred around September 18, 2015. Debtor further stated he retained the office of Glen Lerner Injury Attorneys. Id.

5. The Debtor claimed an exemption under NRS 21.090(1)(u) in both personal injury claims as stated in line from schedule A/B 34.1 and A/B 34.p  Such exemption stated: "Pending Personal Injury Case – Represented by Glen Lerner, Esq"). A copy of Debtor's Schedule C is attached to the Declaration of Brian D. Shapiro as Exhibit 1. No value has been stated in such claim. Id.

6. The deadline to object to exemptions is October 30, 2016 pursuant to Fed. R. Bankr. P. 4003(b)(1).

### II. Legal Argument

11 U.S.C. § 522(l) directs debtors to file a claim of exemptions of property they desire to protect and provides, in pertinent part:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section… Unless a party in interest objects, the property claim as exempt on such a list is exempt.

Further, Bankruptcy Rule 4003 sets forth procedures for claiming exemptions and objection to exemptions. It provides, in subsection (b):

> ... a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held upon §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

In this case, the meeting of creditors was concluded on September 30, 2016. As a result of the filing of this objection, the objection was timely filed.

The party objecting to an exemption claim has the burden of proving that the exemption is not properly claimed. See *In re Cerchione*, 398 B.R. 699, 703 (Bankr. D. Idaho 2009). A party objecting to a claim of exemption has the initial burden to prove that the exemption is not properly claimed. Proof is required to rebut the presumption that the clamed exemption is valid.

Once the initial burden is met, the debtor must come forward with evidence to show the propriety of the claim of exemption. Despite the shifting burden, the ultimate burden of persuasion stays with the objecting party. See *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir 1999). The exemption statutes are to be liberally construed in favor of the debtor. See *Dudley v. Anderson (In re Dudley)*, 249 F.3d 1170, 1176 (9th Cir. 2001). However, the language "... may not be 'tortured' in the guise of liberal construction." *In re Wiley*, 352 B.R. 716, 718 (Bankr. D. Idaho 2006).

The following property is exempt from execution, except as otherwise specifically provided in this section or required by federal law. NRS § 21.090(1)(u) states:

> (u) Payments, in an amount not to exceed $16,150, received as compensation for personal injury, not including compensation for pain and suffering or actual pecuniary loss, by the judgment debtor or by a person upon whom the judgment debtor is dependent at the time the payment is received

The Trustee concedes that the Debtor, at best, would only be entitled to $16,150.00 as compensation for personal injury. As the Debtor failed to place a value of the claim or the amount of the exemption; the Trustee is forced to file this objection. Accordingly, the Trustee requests this Court to enter an order that states that the Trustee's objection to exemption is granted and the Debtor is only entitled to an exemption in the total amount of $16,150.00 for any and all personal injury claims.

### III. Conclusion

The Trustee respectfully requests, based upon due process, as well as the above referenced statutory law, that the Court grant the Trustee's objection as stated herein.

DATED: October 7, 2016

_____
BRIAN D. SHAPIRO, TRUSTEE